# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

STANLEY PULLIAM,                                                               PLAINTIFF

V.                                                   NO. 4:08CV135-M-D

CHRISTOPHER B. EPPS, et al.,                                     DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). Plaintiff, an inmate proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains that he is being denied early release because he is not able to earn credit as a trustee. In other words, Plaintiff contends that the Defendants are denying him trustee status. Plaintiff is seeking reclassification and compensation.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

<u>No Liberty Interest in Prison Classification</u>

Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Inmates have no right to a particular classification within the penal system. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted).

<u>No Constitutional Violation</u>

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. Since Plaintiff has no constitutional right to any particular classification within the prison system, his claim must fail. Even if he is being denied the opportunity to earn credit towards early release, he has failed to state a claim. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (there is no constitutional implication even if the custodial classification affects the duration of an inmate's term of confinement by impacting his ability to earn good-time credits). Absent the infringement of a constitutional right, Plaintiff's complaint must be dismissed as failing to state a cause of action upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Pulliam is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 13th day of November, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**